### BENSON v. LACY.
#### No. 6275.

Court of Civil Appeals of Texas. Texarkana.

Fred Whitaker, of Carthage, for appellant.

J. T. Harris and Jack E. Price, both of Longview, for appellee.

HALL, Chief Justice.

This is a suit to cancel an oil and gas lease in so far as it covers a one-half undivided interest in 52½ acres of the A. Du Boise, Jr., Survey in Panola County, for alleged failure to pay the delayed rentals as provided in said lease. The trial was to a jury upon special issues. Upon the verdict rendered judgment was entered for appellee validating the lease.

On February 2, 1944, J. R. Pitts and wife, Ima, executed and delivered to Rogers Lacy an oil, gas and mineral lease covering the 52½ acre tract and on March 13, 1944, Pitts and wife conveyed a one-half undivided interest in the minerals in and under the same tract of land to appellant. This suit concerns the above undivided mineral interest. Appellee paid the delayed rental before due date on the whole of said tract to Pitts and wife by delivering his check therefor to the First State Bank of Carthage, the depository named in the lease, for each of the years 1945 and 1946. Neither of these deposits took into account the undivided interest of appellant and it is not contended that any part of the delay rentals was paid or tendered to appellant before this suit was filed.

In his brief appellant states: "And even though appellant in this brief points out error he claims was committed by the trial court in several points of error, it is, nevertheless, conceded by him that there is only one question to be considered by the Court of Civil Appeals in passing upon this case. It is simply whether or not the additional provision is valid requiring that the lessor shall also give notice to the lessee of any transfer or assignment of interest."

We are in accord with this statement. That portion of the lease from Pitts and wife to Lacy providing for the payment of delay rentals pertinent here is: "7. The estate of either party hereto may be assigned in whole or in part and as to any mineral. All the covenants, obligations and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, executors, administrators, successors, assigns and successive assigns. No change or division whatsoever, and howsoever arising or effected, in the ownership of said land, royalties, delay rentals or other monies shall operate to increase the obligations or diminish the rights of Lessee hereunder; and notwithstanding any actual or constructive knowledge of or notice to Lessee thereof, no such change or division shall be binding upon Lessee unless and until thirty (30) days after written notice thereof from both Lessor and Lessor's successors and assigns, in which all such parties in interest concur, and certified copies of recorded transfers or assignments, in the event such division or change is accomplished in such manner, shall have been delivered to the record owner of the lease at its principal place of business." (Italics ours).

It is here noted that appellant purchased "subject to the terms of said lease," after Pitts and wife had leased the land to Lacy. The jury found that appellant delivered to appellee a certified copy of the mineral deed from Pitts and wife to him. There is no evidence in the record that appellant complied with the further requirement of notice in the lease by "giving to appellee (written notice of the execution of his mineral deed) from both lessor and lessor's successors and assigns, in which all parties in interest concur." Unless, as contended by appellant, such requirement is unreasonable and void it is as binding upon appellant as any other provision in the lease. The question presented then, is the provision with respect to notice set out last above unreasonable? In our opinion it is not. The lessors and lessee in the oil and gas lease had the right to, and business prudence dictated, that they insert such clause in the lease for their mutual and respective protection. How, otherwise, could they be protected from a fraudulent or forged transfer of the fee or a portion of the minerals in the land covered by the lease? Merely asking this question shows the reasonableness of the provision under inquiry. Cassity et al. v. Smith et al., Tex.Civ.App., 193 S.W.2d 991 (writ refused), and authorities there cited. Parties have the right to contract in any manner agreeable to

them so long as they do not violate the law or contravene public policy. Appellant having assumed the obligations of the oil and gas lease in purchasing the mineral interest, subject to its terms, is bound thereby to the same extent as the original parties to the lease.

Finding no error in the record the judgment is affirmed.